## HULL v. LARZALERE.

On *Certiorari* to Common Pleas, on appeal, returnable to next term.

*Mr. Sherrard,* after reading an affidavit, moved for a rule upon the Common Pleas to stay their proceedings and not issue execution on their judgment.

BY THE COURT. Such a rule might, as a precedent, lead to abuse. The correct course, if execution be issued, is to apply to a judge at Chambers, who will upon a proper affidavit, allow a *supersedeas.*

*Rule refused.*

CITED *in McWilliams* v. *King,* 3 *Vr.* 24.

## ANONYMOUS.

On *Certiorari* to a Justice of the Peace.

*Mr. Wilson* moved for a rule upon the Justice, to certify what the witness testified to on the trial, and whether the subscribing witness to a paper read in evidence, was sworn on the trial, or his absence accounted for.

*Rule granted.*

## ANONYMOUS.

Matter of Practice.

*Mr. Ewing* moved for a rule to substitute two auditors in an

attachment, in place of two who had been appointed, but who it appears are interested in the suit.

*Rule granted.*

## DEWITT AND DAVISON v. VLIET.

*Mr. Sherrard* applied for a rule to shew cause why a new trial be not granted; because the verdict was contrary to the Judge's charge and to the evidence, and the case involved new important questions; and this statement being corroborated by the suggestions of the Judge who tried the case, the Court.

*Granted the rule.*

CITED *in Moore* v. *Cent. R. R. Co., 4 Zab.* 277.

## ROGERS v. GUIEREN.

On *Certiorari.*

## MATTER OF PRACTICE.

*J. W. Miller* for the defendant in *Certiorari,* confessed the errors assigned, and consented to a reversal of the judgment.

*Mr. Scofield,* attorney of the plaintiff in *Certiorari,* declined moving for the reversal.

BY THE COURT. Let the Clerk enter the reversal of the judgment, as on motion for the plaintiff.